*German Mutual Insurance Co. v. Harry W. Lushey et al.

1. Wills—Sec. 5961, Rev. Stat., as to After-born Children.

A clause disinheriting an unborn child does not constitute a provision for the after-born child within the meaning of sec. 5961, Rev. Stat., and the intention of testator, being contrary to law, does not control or defeat the inheritance provided for in that section.

2. Does not Repeal Sec. 5914, Rev. Stat.

Section 5961, Rev. Stat., does by implication repeal sec. 5914, Rev. Stat., permitting a testator to bequeath his property to any person to whom he may desire, but simply places a limitation upon the general power conferred by that section.

Heard on Error.

Giffen, J.

On June 11, 1872, Caroline Lushey made her last will and testament, by which she gave all her estate, real and personal, to her husband, George Lushey. At the time they had one son, George Gabriel, living, and afterwards another son, Harry W. Lushey, was born. In June, 1878, the testatrix died, leaving the husband and two sons surviving her. In September, 1892, George Lushey executed and delivered to the plaintiff in error a mortgage on certain real estate so devised to him, to foreclose which mortgage this original action was commenced. The defendant, Harry W. Lushey, claims to be the owner of the undivided one-half of the real estate, under sec. 5961, Rev. Stat., which provides that—

" When a testator, at the time of executing his will, shall have a child absent and reported be dead, or having a child at the time of executing the will, shall afterward have a child who is not provided for in

*For decision of the court of common pleas, see 10 Dec., 24.

the will, the absent child, or the child born after the execution of the will, shall take the same share of the estate, both real and personal, that he would have been entitled to if the testator had died intestate * * *."

The will contained the following provision:

"Should any child or children, we now have only one, George Gabriel, be born to me hereafter it shall in no wise alter or revoke this will and testament."

We do not consider this a provision for the after-born chid within the meaning of the section, although it discloses the intention of the testator to disinherit him. This statute has not been construed by our Supreme Court; but we are not without decisions under similar statutes in other states.

In Willard's Estate, 68 Pa. St., 327, it is said:

"We hold then that a reversionary interest, whether vested or contingent, is not a provision for an after-born child within the words or spirit of the statute."

In Hollingsworth's Appeal, 51 Pa. St., 518, a testator gave all his estate to his wife, and if he should have any children living at his death, he appointed his wife guardian of such children during their minority, committing entirely "to her affection, judgment and discretion, their maintenance, education and future provision ; and which guardianship I intend and consider as a suitable and proper provision for such child or children (he had no children at the date of the will, but two were born afterward). *Held*: That he died intestate as to the children."

"This is clearly no provision for his children, such as is contemplated by our wills act and the policy of the law."

In Waterman v. Hawkins, 63 Maine, 156, it is said that "a child of a testator, born after his death, can not, in any proper sense of the term, be deemed provided for in his will by a general devise of a reversion to the heirs of the testator."

These cases are cited with approval in Rhodes v. Weldy, 46 Ohio St., 234, where the construction of sec. 5959, Rev. Stat., was involved, and seem to require that the provision for an after-born child should be not only substantial, but for his direct and immediate benefit. There are cases such as Block v. Block, 3 Mo., 407, and Bowen v. Hoxie, 18 Reporter (Boston), 721, in which it is held that the meaning of the statute is that if the testator unintentionally omits to provide, or omits to make a provision which is intended for such child, etc., the child shall take as if the parent had died intestate, or in other words the intention of the testator when ascertained must control.

It may be said in answer to this proposition that the statute does not profess to state a rule of evidence, but to declare a rule of law. It provides that an after-born child not provided for in the will shall nevertheless receive a share of the estate. In Chace v. Chace, 6 R. I., 407, where a like statute was under consideration, the court say:

"Upon the whole we are of the opinion that by the terms of the sixth section the legislature intended to, and did, prescribe a rule of law, that if an after-born child is not provided for in the will, he shall be let into his share of the inheritance, and that without regard, to the will or intent of the parent."

The same general doctrine prevails in this state, to-wit: That the intention of the testator can not control in the construction of a will, when it is in conflict with the law or against public policy. Carter v. Reddisch, 32 Ohio St., 1.

That this statute is a positive rule of law, and not to be controlled by the intention of the testator, is in some measure evidence by the fact that in sec. 5959, Rev. Stat., relating to an after-born child, the testator having no child living at the time of the execution of the will, there is a provision that "such will shall be deemed revoked * * * unless such child shall have been provided for in the will, or in such way mentioned therein as to show an intention not to make such provision," and that in sec. 5961, Rev. Stat., there is no proviso or limitation depending on the intention of the testator. It is further claimed that sec. 5961, repeals by implication sec. 5914, Rev. Stat., which permits a testator to give and bequeath his property to any person by last will and testament. It does not repeal the latter section; but only places a limitation upon the general power; just as sec. 5915, relating to charitable bequests, and sec. 5963, relating to dower, restrict that power.

In Doyle v. Doyle, Jr., 50 Ohio St., 330, it is said at page 345:

"The power to make a will is not an incident of the *jus disponendi*. It is conferred by statute; and if the wills act were repealed, all the property of a deceased person would descend and be distributed as provided by law. Hence the extent of the power, what property, and what interest in it may be disposed of by will, and to whom, may be, and is, prescribed by statute."

It may be admitted that no sound reason can be advanced why an after-born child, not provided for in a will, should be made more secure in his inheritance under sec. 5961 then under sec. 5959; yet the wisdom of protecting his interest can not be questioned, and as the legislature has, in express terms, done so in this case, there was no error in rendering a decree in his favor.

Judgment affirmed.

*Chris. Von Seggern*, and *Rattermann & Ward*, for plaintiff in error.

*Renner, Gordon & Renner*, contra.